UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

Alice Wetz, §
§
Plaintiff, §
§
versus §  Civil Action H-21-63
§
Andrew Saul, §
§
Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Alice Wetz is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Wetz brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her

impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

   A. *Background.*

   Wetz is a 46-year-old woman who says that she is disabled by: (a) migraines; (b) fibromyalgia; (c) depression; (d) obesity; (e) hypertension; (f) pseudo cerebri; (g) degenerative disc disease; (h) joint syndrome; and (i) anemia.

   Wetz has a high-school education and has worked as a registered nurse and case manager. When she applied for social security on April 26, 2018, she said that her disability had begun on June 30, 2017.

   The hearing officer found that Wetz's impairments did not meet or equal a listed impairment. She decided that Wetz could do sedentary work.

   B. *Application.*

   The hearing officer properly found that Wetz was not disabled. The process was correctly followed.

   First, Wetz has not been gainfully employed. Second, the hearing officer found that Wetz's migraine headaches, fibromyalgia, anxiety, depression, obesity, intracranial hypertension, pseudo cerebri, degenerative disc disease, and temporomandibular joint syndrome were severely impairing her. The officer, however, found that the anemia was not severely impairing her because the objective medical evidence did not show that it caused severe dysfunction and was treatable. Third, none of Wetz's impairments met one listed. Fourth, the officer determined that Wetz would be able to do sedentary work with moderate limitations after considering the combined effects of her impairments. Fifth, the officer found that Wetz could find work in the national economy as an optical goods worker, document specialist, or waxer.

Wetz argues that the hearing officer erred by: (a) not finding that her conditions equaled a listed impairment; and (b) not properly determining her residual functioning capacity.

Wetz says that she meets listed impairment 11.02(b) and (d) covering epilepsy:

> B. Dyscognitive seizures, occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. ...
>
> D. Dyscognative seizures, occuring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment; and a marked limitation in one of the following: (1) Physical functioning; or (2) Understanding, remembering, or applying information; or (3) Interacting with others; or (4) Concentrating, persisting, or maintaining pace; or (5) Adapting or managing oneself.

Wetz does highlight a nearly three-year stretch of her struggles with migraine headaches – which at times have led to more intense symptoms. The hearing officer's central argument against this listed impairment was that Wetz did not meet the strict frequency requirement and did not have a marked limitation.

The record contains substantial evidence that supports this conclusion. Not every instance of migraines mentioned by Wetz was severe enough to be included in the frequency calculus. Many of the doctor's notes and reports were vague, incomplete on the extent of the migraine that she had experienced, or cleared her to return to normal daily activity and work. Some were clearly severe enough, but not all were – as a migraine is not a seizure, and a seizure is not a migraine – for the required frequency or accompanied by the required limitation.

Wetz's "lay opinion" argument is also unpersuasive. The hearing officer is intrinsically required to make findings – which includes weighing evidence and may touch on dispositive matters. The officer must consider the record in its entirety but need not pinpoint specific medical opinions to justify her findings.

For her residual function capacity, the hearing officer weighed the evidence in the record – including medical documents and testimony – and found Wetz to have many limitations but still able to perform sedentary work. Wetz argues that the officer did not include her subjective manners, but the officer did to the extent that the objective evidence coincided. Wetz's attempts to tear down the officer's credible determinations without alleging what additional limitations were forgotten does not meet her burden.

Wetz also insists that the hearing officer should have ordered Wetz to be examined to further delve into her limitations. The officer was not obliged to order that exam, and, under the regulation, should only do so if the record is incomplete or inconsistent. The record in this case was voluminous and extensive, and the officer did not error by not ordering an additional exam.

The officer considered Purvis's limitations – through hypothetical questions posed to a vocational expert – and they were incorporated into the evaluation.

The hearing officer's determination is supported by substantial evidence.

5. *Conclusion.*

The commissioner's decision denying Alice Wetz's claim for disability insurance is supported by substantial evidence and will be affirmed. Alice Wetz will take nothing from Andrew Saul.

Signed on March 7, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge